**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| C. J. GLORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| POTOSI R-III SCHOOL DISTRICT, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff C. J. Glore (hereinafter "Plaintiff") by and through his undersigned counsel, and for his Complaint for Damages against Defendant Potosi R-III School District (hereinafter "Defendant") states and alleges as follows:

1.      This lawsuit is the result of discrimination, harassment, and retaliation suffered by Plaintiff while he attended school within Defendant's school district under the Missouri Human Rights Act, RSMo. § 213.010 et seq. ("MHRA"), and Title IX of The Education Amendments of 1972, 20 U.S.C. § 1681 et. seq. ("Title IX").

2.      The MHRA provides that "all persons within the jurisdiction of the state of Missouri are free and equal and shall be entitled to the full and equal use and enjoyment within this state of any place of public accommodation… without discrimination or segregation because of…sex…." RSMo. 213.065.1.

**PARTIES**

3.      Plaintiff is a former student of Defendant, who, at all relevant times, resided in the state of Missouri and resided within the school district boundaries of Defendant.

4.     Defendant is, and at all relevant times was, a public school district existing under the laws of the state of Missouri, with its administrative offices located at 400 North Mine Street, Potosi, Washington County, Missouri.

5.     Defendant is, and at all relevant times was, conducting common school and educational curricula at multiple addresses within this Court's jurisdiction.

6.     Defendant is a political subdivision of the state of Missouri.

7.     Defendant is a "person" as that term is defined by the MHRA.

8.     Defendant is an "employer" as that term is defined by the MHRA.

9.     Defendant is an "educational institution" as defined by Title IX.

## JURISDICTION AND VENUE

10.     The unlawful acts, omissions, behaviors, policies, and practices set forth below were committed in Washington County, Missouri.

11.     At all relevant times, Defendant operated and oversaw the operations of multiple schools and administrative buildings within Washington County, Missouri, including Potosi Elementary School at 205 State Highway P, Potosi, Missouri; Trojan Intermediate School at 367 Intermediate Drive, Potosi, Missouri, John Evans Middle School at 303 South Lead Street, Potosi, Missouri; Potosi High School at #1 Trojan Drive, Potosi, Missouri; and Potosi R-III District Office at 400 North Mine Street, Potosi, Washington County, Missouri.

12.     Counts VI and VII of this Complaint arise under Title IX, a law of the United States.

13.     Counts I through V of this Complaint are so related to Counts VI and VII as to form the same case or controversy under Article III of the United States Constitution.

14.     Defendant resides in the Eastern District of Missouri.

15.    A substantial part of the events and omissions giving rise to the claim occurred in the Eastern District of Missouri.

16.    Jurisdiction and venue are proper in the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, 28 U.S.C. § 1391, and E.D. Mo. L.R. 2.07.

## ADMINISTRATIVE PROCEDURES

17.    On or about March 18, 2022, Plaintiff filed with the Missouri Commission on Human Rights ("MCHR") a Charge of Discrimination based on the events described herein (attached hereto as Exhibit A and incorporated by reference as if fully set forth herein).

18.    On or about February 28, 2023, the MCHR issued to Plaintiff a Notice of Right to Sue (attached hereto as Exhibit B and incorporated by reference as if fully set forth herein).

19.    This lawsuit was filed within 90 days of the issuance of the MCHR's Notice of Right to Sue.

20.    The aforesaid Charge of Discrimination provided the MCHR sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of a MCHR investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

21.    Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action, which has been filed within the requisite statute of limitations.

## BACKGROUND AND ALLEGATIONS

22.    The following allegations occurred while Plaintiff attended school in Defendant's School District.

23.    Plaintiff's sex is male.

24.    Defendant subjected Plaintiff to discrimination because of his sex.

25.    Defendant subjected Plaintiff to harassment because of his sex.

26.    Defendant subjected Plaintiff to discrimination because of his association with others protected by the MHRA.

27.    Defendant subjected Plaintiff to retaliation because Plaintiff opposed discrimination and retaliation, because Plaintiff filed complaints regarding discrimination, harassment, and retaliation, and because Plaintiff assisted and participated in an investigation regarding discrimination, harassment, and retaliation.

28.    Plaintiff does not conform to "stereotypical" notions of being male.

29.    Plaintiff is a man who is romantically attracted to men.

30.    Traditional norms and stereotypes suggest that men are romantically attracted to women.

31.    If Plaintiff were a female who was romantically attracted to men, he would not have been subject to discrimination.

32.    While Plaintiff attended school in Defendant's schools, he was close friends with other students who attended the same school, and who did not conform to particular sex stereotypes of their respective sexes assigned at birth.

33.    Plaintiff was subjected to discrimination and harassment for his association with these students.

34.    The discrimination and harassment described herein which Plaintiff experienced while attending school in Defendant's school district was ongoing, severe, pervasive, and constituted a series of interrelated events.

35.     As described further herein, Plaintiff suffered from repeated discriminatory and harassing conduct at the hands of Defendant over a span of years, wherein Defendant's liability stems from the cumulative series of closely related similar events.

36.     At the hands of Defendant, Plaintiff suffered from harassment and discrimination which occurred on a regular basis and which, at the least, in its cumulative effect, was significant.

37.     Plaintiff graduated from Defendant's high school, Potosi High School, in 2022.

38.     Prior to graduating, Plaintiff has been subjected to discrimination and harassment based on his sex by Defendant for years.

39.     For years, Defendant engaged in a well-known and apparent pattern and practice of discrimination and harassment of students within the school district because of their sex.

40.     Defendant's discrimination distinguished between students who were "straight" and those who were LGBTQ.

41.     Straight students conform to sex stereotypes, while LGBTQ students do not.

42.     But for their sex, LGBTQ students would not be discriminated against.

43.     Defendant frequently treated students who were 'straight' more favorably than students who were LGBTQ because of their sex.

44.     LGBTQ students were often subjected to discipline and harsher punishment by Defendant than straight students because of their sex.

45.     Straight students were permitted by Defendant to harass and ridicule LGBTQ students without consequence because of their sex.

46.     Teachers of Defendant were permitted to make negative remarks regarding LGBTQ students because of their sex.

47.    For example, a few years ago, a straight student pushed and LGBTQ male student down the stairs while at Defendant's school due to the LGBTQ student's sex.

48.    When the student reached the bottom of the stairs, the straight student began to strangle and choke the LGBTQ student with a Pride flag the LGBT student was wearing around his neck.

49.    Plaintiff heard shortly thereafter from other students that there were threats being made that Plaintiff was going to be subjected to violence next because of his sex.

50.    The threat regarding harm coming to Plaintiff was repeated in class by another student, and other students warned Plaintiff that an attack was being planned on Plaintiff.

51.    Defendant did nothing to protect Plaintiff in this instance.

52.    Another example involves a few years ago while on a band trip, Plaintiff was sharing a hotel room with a few other male students (who he believes are 'straight').

53.    During the trip, all of the students were sharing rooms with other students.

54.    Plaintiff's roommates would take turns sleeping on the ground and making fun of Plaintiff because they refused to sleep next to Plaintiff, due to his sex.

55.    Generally, many band students were discriminatory and harassing towards Plaintiff because of his sex.

56.    For example, other band students would make comments such as "Why would you be gay," or telling him that being gay is a "choice" and that they disagreed with him being gay.

57.    Band students would ignore and exclude Plaintiff because of his sex.

58.    From approximately November 2018 to May 2019, Plaintiff participated in basketball.

59.     However, Plaintiff never felt comfortable enough to go into the locker room and change out with his peers for after-school practice.

60.     Instead, it was made clear that Plaintiff felt unsafe to change with them in the locker room because of his sex.

61.     Upon information and belief, Plaintiff's coaches were aware of this, but did not take steps to ensure Plaintiff was included.

62.     Rather, Plaintiff's coaches, supported Plaintiff not being permitted to change out for practice with his teammates because of Plaintiff's sex.

63.     The other basketball players would make fun of Plaintiff, and harass Plaintiff, even in front of the coaches, because of Plaintiff's sex.

64.     Nothing was done to stop the harassment and ridicule of Plaintiff.

65.     In addition to participating in basketball, Plaintiff also participated in the school musical and choir.

66.     On the days Plaintiff had musical or choir practice and basketball practices after school, he had to ask Coach Beers, the basketball coach, to leave basketball early so he could go to musical/choir practice.

67.     Plaintiff dreaded asking Coach Beers to leave early, as Coach Beers would typically respond by looking at Plaintiff with a clear look of disapproval and disgust.

68.     On one occasion when Plaintiff asked Coach Beers to leave basketball early for musical practice, Coach Beers responded without making eye contact, but smirking, "Don't you think that's a little weird?"

69.     During that basketball practice, another student approached Plaintiff and grabbed the basketball he was holding, dug his elbow into Plaintiff's chest, pushed Plaintiff to the wall and muttered something because of Plaintiff's sex.

70.     The coaches were in the gym for this and did nothing because of Plaintiff's sex.

71.     The ongoing harassment to which Plaintiff was subjected in basketball practice became unbearable.

72.     Plaintiff finished out the basketball season, but did not go out for the team next year, despite being a good player and wanting to play basketball.

73.     Plaintiff could not continue to play basketball because of the treatment he was receiving from the players and coaches because of his sex.

74.     During the 2020 presidential election, multiple students told Plaintiff that they heard threats that if President Biden won the election, that Plaintiff and other LGBTQ students were on a 'hit list' that straight students had made, and that the straight students were going to kill and attack the people on the 'hit list' because of their sex.

75.     Plaintiff went to his school counselor (Mr. Kelly Bouse) and told him about these threats.

76.     In response, Mr. Bouse simply told Plaintiff that "people have their opinions, you just have to respect that."

77.     To Plaintiff's knowledge, nothing was done by Defendant to respond to the threats of violence and death that were made regarding him and others because of their sex.

78.     Upon information and belief, when Plaintiff reported this situation to Mr. Bouse's supervisors, as further described below, Defendant took no negative actions against Mr. Bouse.

79.     In or about March of 2021, while on a school trip, another student said to Plaintiff, "God just says that being gay is wrong" and "You are going to hell."

80.     In the summer of 2021, while at band practice, students in the drumline would openly say: "Burn the gays."

81.     These comments were said in front of the teachers.

82.     On almost a daily basis, harassing and discriminatory comments based on sex were made at school by students.

83.     There were various negative slurs based on sex made by students, such as students saying things like "Yas Queen" in a mocking fashion.

84.     Being gay, or otherwise not conforming in other ways to traditional sex stereotypes, was the punchline of many students' jokes.

85.     Students would look at Plaintiff and then moan and roll their eyes, saying things like "put it in my butt", and other disgusting and offensive comments.

86.     On or about September 24, 2021, a student made a harassing comment based on sex towards Plaintiff, telling Plaintiff being gay is wrong, on the Band bus.

87.     On or about October 7, 2021, while in band, a student said in front of the whole band, "How about you be the 'L' and I'll be the 'G', you be the 'B' and you be the 'T' and we can be the whole gay community. Maybe we'll get special treatment."

88.     The October 7, 2021 comment was made in retaliation after another student reported sex discrimination and harassment that she was experiencing at the hands of students and staff, including the student that made the comment.

89.     In or about October of 2021, Plaintiff reported the sex discrimination and harassment he had been enduring due to his sex to Defendant's school administration.

90.     On or about October 30, 2021, Plaintiff, with the help and support of another student's father, made a formal complaint to Defendant of discrimination and harassment.

91.     Plaintiff specifically chose his friend's father to help him file the complaint, as he was permitted to choose an advisor pursuant to Defendant's policies (his parents would not have been supportive in this situation).

92.     Plaintiff explicitly requested confidentiality from Defendant in his complaint, including from his parents.

93.     On or about November 1, 2021, a friend of Plaintiff was ridiculed while in class because of his sex by his classmates, by being asked, "are you still gay, are you STILL gay?"

94.     On or about November 2, 2021, Plaintiff was interviewed by Principal Matt Bradley and Kim Hartley, the assigned investigator.

95.     Plaintiff was asked by Kim Hartley what things were happening, to which Plaintiff initially responded that every day, there were "jokes" and slurs making fun of students that were insensitive and uncomfortable, describing the November 1, 2021 incident mentioned above as an example.

96.     Plaintiff asked for a safe space to go to in the school because of the overwhelming spirit of hate in the school; he explained that he never felt safe in school.

97.     During the interview, Principal Bradley made a comment that this could have been handled without the "legal stuff."

98.     Principal Bradley seemed frustrated by Plaintiff filing his complaint.

99.     During the interview, Plaintiff was told by investigator Kim Hartley that she was required to tell Plaintiff's parents of his complaint, which was terrifying to Plaintiff.

100.   Kim Hartley asked Plaintiff if he would be physically safe if she told his parents, which seemed to be a veiled theat.

101.   Plaintiff responded "maybe," to which Kim Hartley responded that they could all call his parents together.

102.   Plaintiff was given no choice whether to involve his parents, even though he made it clear they would not be supportive and that, because he was eighteen years old, there was no need to involve them.

103.   Fortunately, once Plaintiff's advisor (his friend's father) was informed of the situation, he made contact with Defendant and made clear that parental involvement was not required.

104.   Ms. Harley then called Plaintiff back to the office and said they could hold off on telling his parents, but did not extinguish the threat of involving them, despite no requirement to do so.

105.   This was an attempt to intimidate Plaintiff and force Plaintiff to withdraw his complaint.

106.   Shortly thereafter, Plaintiff's advisor (his friend's father) contacted Defendant and requested Ms. Hartley be replaced by another investigator, due to her conduct and intimidation of Plaintiff.

107.   The request for a new investigator was acknowledged by Defendant as of November 4, 2021.

108.   Despite this, Ms. Hartley continued to participate in the investigation and make decisions until at least November 12, 2021, in violation of Defendant's policies and procedures.

109. On November 8, 2021, Plaintiff, with the assistance of his advisor (his friend's father), filed an additional complaint of discrimination and retaliation with Defendant, which included more instances of prior discrimination and harassment Plaintiff had experienced at the hands of Defendant.

110. Also, on or about November 8, 2021, Plaintiff, with the assistance of his advisor (his friend's father), along with Plaintiff's friend, filed an additional complaint with Defendant, alleging sexual harassment of Plaintiff's calculus teacher by students in the class.

111. The calculus teacher was being subjected to repeated and severe, highly inappropriate comments from students, such as, but not limited to, "I wanna eat your booty," "I'm gonna tea bag you," and "you are so hot…I wanna kiss you…you are so sexy."

112. The students were permitted to make these comments without consequence.

113. This is yet another example of Defendant permitting inappropriate, highly offensive, sex-based comments to permeate the school environment without consequence.

114. On or about November 19, 2021, Defendant assigned a new investigator, Anne Bradley, to investigate Plaintiff's complaints.

115. On or about November 29, 2021, the band was on the bus to play at a parade. A student whom Plaintiff had made complaints about in his October complaint made a numerous discriminatory and harassing sex-based comments.

116. In December of 2021, Plaintiff was in Elf the Musical at school, in which he played the role of "Buddy."

117. In the original script, there was a scene where characters "Buddy" and "Jim" hug and "Jim" says "Hey, I already have a boyfriend," to which "Buddy: responds, "it's okay to have multiple boyfriends!"

118.    Upon hearing that line, the teacher changed "Jim" to a feminine name ("Kim"), due to Plaintiff's sex.

119.    Also, while involved in the Elf play, Plaintiff overheard other students making horrible racist comments to another student, who was African American.

120.    The students were calling the African American student the n-word (the full world) and 'monkey;' and they were also demanding that the student wait on them.

121.    When the African American student tried to address the discriminatory comments, with the students engaging in the discrimination, one student said "Go ahead, I got out of the last complaint."

122.    Plaintiff, through his advisor (his friend's father) reported this behavior to Defendant's investigator, Anne Bradley, on December 20, 2021.

123.    On or about January 15, 2021, it was reported to Defendant that numerous students at Plaintiff's high school were posting/liking hateful and violent sex-based LGBTQ things on an Instagram account, and making threats, including a video showing a real gay person's head being violently stomped into concrete, and pictures of weapons.

124.    There was a specific account on Instagram titled "homophobic274" with the caption "Here to bring destruction of LGBTQ communities. We will be the downfall of all pride in public schools."

125.    It was confirmed that the owners of the account and those posting/liking the account were Potosi R-III students, and it was reported to Defendant the names of certain students who had liked/posted on the account.

126.    Defendant was begged to take steps to ensure the safety of Plaintiff and others due to these hateful sex-based comments and threats.

13

127.    To Plaintiff's knowledge, Defendant did nothing to investigate this or keep Plaintiff and other students safe.

128.    On or about February 23, 2022, Plaintiff was in class talking to a teacher, and heard another student say "Kill them all, Kill all the gays."

129.    Plaintiff reported this to Defendant's school administration.

130.    To Plaintiff's knowledge, nothing was done in response by Defendant to keep Plaintiff and others safe.

131.    On March 28, 2022, Plaintiff learned that he received a scholarship for college.

132.    Another student who had also applied for the scholarship, upon learning that Plaintiff received the scholarship, became upset while in class, to which the student's significant other responded, "Well, [Plaintiff] probably got it because he's gay."

133.    Then, another student commented "I'm gonna fuck him up whenever he goes to his car."

134.    The treatment Plaintiff endured at the hands of Defendant for years was discriminatory, harassing, and retaliatory; escalating to the point where Plaintiff was in fear of his life every single day he entered the halls of his high school.

135.    Defendant failed to adequately investigate Plaintiff's complaints of discrimination, harassment, and retaliation.

136.    For example, Defendant failed to interview all necessary witnesses.

137.    Defendant failed to ask all necessary questions.

138.    Defendant failed to review all necessary documents and items.

139.    In addition, the decision makers deciding Plaintiff's complaints were biased and had conflicts of interest.

140.    No student should ever have to enter their high school each day wondering if they will exit at the end of the day alive.

141.    Upon information and belief, other students and/or teachers have filed sex discrimination complaints with Defendant concerning the same or similar actions of Defendant as described herein.

## COUNT I
### *Violation of RSMo. § 213.065*
### *MHRA-Sex Discrimination in Public Accommodation*

142.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

143.    Defendant directly refused Plaintiff accommodations, advantages, facilities, services, and privileges because of sex.

144.    Defendant indirectly refused Plaintiff accommodations, advantages, facilities, services, and privileges because of sex.

145.    Defendant directly withheld from Plaintiff accommodations, advantages, facilities, services, and privileges because of sex.

146.    Defendant indirectly withheld from Plaintiff accommodations, advantages, facilities, services, and privileges because of sex.

147.    Defendant directly denied Plaintiff accommodations, advantages, facilities, services, and privileges because of sex.

148.    Defendant indirectly denied Plaintiff accommodations, advantages, facilities, services, and privileges because of sex.

149.    Defendant attempted to refuse Plaintiff accommodations, advantages, facilities, services, and privileges because of sex.

150.    Defendant attempted to withhold from Plaintiff accommodations, advantages, facilities, services, and privileges because of sex.

151.    Defendant attempted to deny Plaintiff accommodations, advantages, facilities, services, and privileges because of sex.

152.    Defendant segregated Plaintiff because of sex.

153.    Defendant discriminated against Plaintiff because of sex.

154.    Defendant applied their policies and procedures in a different, and more negative way, to Plaintiff because of his sex.

155.    Defendant failed to adequately and appropriately investigate Plaintiff's complaints of discrimination.

156.    Defendant failed to investigate all of Plaintiff's complaints of discrimination.

157.    Defendant failed to gather or consider evidence supportive of Plaintiff's complaints of discrimination.

158.    Defendant permitted biased individuals to participate in and make decisions in the investigation.

159.    Defendant failed to institute adequate interim measures to prohibit additional discrimination.

160.    Defendant failed to protect Plaintiff and others from discrimination.

161.    Defendant failed to conduct a timely investigation.

162.    Defendant failed to discipline their employees who failed to report discrimination of students, including Plaintiff and others.

163.    Defendant failed to discipline students who engaged in discrimination of Plaintiff and others.

164.    Defendant required Plaintiff and others to conceal attributes of their sex.

165.    Defendant required Plaintiff and others to behave differently than others because of their sex.

166.    Defendant subjected Plaintiff and others to harsher discipline because of their sex.

167.    Defendant sent a signal to their employees and students that sex discrimination was acceptable due to Defendant's acceptance of the discrimination that was occurring on a daily basis at Defendant's schools.

168.    Defendant subjected Plaintiff to different standards, rules, and treatment because of his sex.

169.    Defendant failed to quell the discrimination Plaintiff was facing from students and faculty because of his sex.

170.    Defendant permitted Plaintiff to be subjected to, and subjected Plaintiff to, intimidation, threats, coercion, and interference with his rights because of his sex.

171.    Plaintiff's sex actually played a role in the adverse actions, treatment, and decisions described herein and had a determinative influence on the adverse decisions, treatment, and actions.

172.    But for Plaintiff's sex, he would not have been subject to this discrimination.

173.    All actions or inactions of or by Defendant occurred by Defendant itself or through its board, board members, agents, administrators, managers, faculty, and/or employees acting within the course and scope of their employment, as set forth herein.

174.    Defendant's actions constitute unlawful discrimination against Plaintiff in violation of the MHRA.

175.    As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff has suffered and will continue to suffer damages.

176.    As a direct and proximate result of the unlawful conduct of Defendant, as set forth herein, Plaintiff has suffered compensatory, pecuniary and non-pecuniary damages which include: reputational harm, mental anguish, emotional distress, pain and suffering, mental distress, medical expenses, embarrassment, fear, isolation, loss of educational opportunity, degradation, humiliation, depression, anxiety, loss of enjoyment of life, and other nonpecuniary losses, all of a continuing and permanent nature.

177.    The conduct of Defendant was outrageous and evidences an evil motive or reckless indifference for the rights of Plaintiff and the rights of others, entitling Plaintiff to an award of punitive damages.

178.    Plaintiff has incurred, and continues to incur, costs, expenses, expert witness fees, and attorneys' fees, and seeks the same from the Court.

179.    Plaintiff seeks the Court's ruling that Plaintiff is the prevailing party in this matter.

180.    Plaintiff seeks the Court's order granting equitable relief to require Defendant to comply with the MHRA and to make Plaintiff whole.

181.    Plaintiff seeks prejudgment interest and post-judgment interest at the highest permissible rate.

182.    Plaintiff seeks all damages permitted by law.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual, compensatory, pecuniary, non-pecuniary, and punitive damages, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, for other appropriate equitable relief, for pre judgment and post judgment interest at the highest lawful rate, for the Court's ruling that Plaintiff is the prevailing

party in this matter, for all relief permitted by law, and for such other relief as the Court deems just and proper.

## COUNT II
### *Violation of RSMo. § 213.065*
### *MHRA-Harassment based on Sex in Public Accommodation*

183.   Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

184.   Defendant has subjected Plaintiff to a learning environment permeated by discriminatory intimidation, ridicule, and insult that is severe and pervasive as to alter the conditions of Plaintiff's education environment and has created an abusive and hostile place of public accommodation, due to his sex.

185.   Defendant has subjected Plaintiff to a hostile learning environment/place of public accommodation because of his sex.

186.   Defendant has engaged in a course of conduct and harassment against Plaintiff because of his sex.

187.   Plaintiff has been subjected to unwelcome conduct constituting sexual harassment by Defendant.

188.   The harassment by Defendant directly caused Defendant's accommodations, advantages, facilities, services, and privileges to be refused to Plaintiff because of sex.

189.   The harassment by Defendant indirectly caused Defendant's accommodations, advantages, facilities, services, and privileges to be refused to Plaintiff because of sex.

190.   The harassment by Defendant directly caused Defendant's accommodations, advantages, facilities, services, and privileges to be withheld to Plaintiff because of sex.

191. The harassment by Defendant indirectly caused Defendant's accommodations, advantages, facilities, services, and privileges to be withheld from Plaintiff because of sex.

192. The harassment by Defendant directly caused Defendant's accommodations, advantages, facilities, services, and privileges to be denied to Plaintiff because of sex.

193. The harassment by Defendant indirectly caused Defendant's accommodations, advantages, facilities, services, and privileges to be denied to Plaintiff because of sex.

194. Defendant harassed Plaintiff because of sex in order to attempt to refuse Plaintiff accommodations, advantages, facilities, services, and privileges.

195. Defendant harassed Plaintiff because of sex in order to attempt to withhold from Plaintiff accommodations, advantages, facilities, services, and privileges.

196. Defendant harassed Plaintiff because of sex in order to attempt to deny Plaintiff accommodations, advantages, facilities, services, and privileges.

197. Defendant discriminated against Plaintiff by harassing Plaintiff because of sex.

198. Defendant harassed Plaintiff by applying their policies and procedures in a different, and more negative way, to Plaintiff because of his sex.

199. Defendant failed to adequately and appropriately investigate Plaintiff's complaints of discrimination.

200. Defendant failed to investigate all of Plaintiff's complaints of discrimination.

201. Defendant failed to gather or consider evidence supportive of Plaintiff's complaints of discrimination.

202. Defendant permitted biased individuals to participate in and make decisions in the investigation.

203.    Defendant failed to institute adequate interim measures to prohibit additional harassment.

204.    Defendant failed to protect Plaintiff and others from harassment.

205.    Defendant failed to conduct a timely investigation.

206.    Defendant failed to discipline their employees who failed to report harassment of students, including Plaintiff and others.

207.    Defendant failed to discipline students who engaged in harassment of Plaintiff and others.

208.    Defendant required Plaintiff and others to conceal attributes of their sex.

209.    Defendant required Plaintiff and others to behave differently than others because of their sex.

210.    Defendant subjected Plaintiff and others to harsher discipline because of their sex.

211.    Defendant sent a signal to their employees and students that sex harassment was acceptable due to Defendant's acceptance of the harassment that was occurring on a daily basis at Defendant's schools.

212.    Defendant subjected Plaintiff to different standards, rules, and treatment because of his sex.

213.    Defendant failed to quell the harassment Plaintiff was facing from students and faculty because of his sex.

214.    Defendant permitted Plaintiff to be subjected to, and subjected Plaintiff to, intimidation, threats, coercion, and interference with his rights because of his sex.

215.    Defendant's conduct has the purpose and effect of unreasonably interfering with Plaintiff's education.

216.    Plaintiff's sex actually played a role in the harassment and hostile work environment described herein and had a determinative influence on the behavior inflicted on Plaintiff.

217.    But for Plaintiff's sex, he would not have been subject to the harassment by Defendant.

218.    Defendant knew, or should have known, of the harassment described herein but failed to take prompt remedial action to stop it.

219.    All actions or inactions of or by Defendant occurred by Defendant itself or through its board, board members, agents, administrators, managers, faculty, and/or employees acting within the course and scope of their employment, as set forth herein.

220.    Defendant's actions are violative of the MHRA.

221.    As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff has suffered and will continue to suffer damages.

222.    As a direct and proximate result of the unlawful conduct of Defendant, as set forth herein, Plaintiff has suffered compensatory, pecuniary and non-pecuniary damages which include: reputational harm, mental anguish, emotional distress, pain and suffering, mental distress, medical expenses, embarrassment, fear, isolation, loss of educational opportunity, degradation, humiliation, depression, anxiety, loss of enjoyment of life, and other nonpecuniary losses, all of a continuing and permanent nature.

223.    The conduct of Defendant was outrageous and evidences an evil motive or reckless indifference for the rights of Plaintiff and the rights of others, entitling Plaintiff to an award of punitive damages.

224.    Plaintiff has incurred, and continues to incur, costs, expenses, expert witness fees, and attorneys' fees, and seeks the same from the Court.

225.    Plaintiff seeks the Court's ruling that Plaintiff is the prevailing party in this matter.

226.    Plaintiff seeks the Court's order granting equitable relief to require Defendant to comply with the MHRA and to make Plaintiff whole.

227.    Plaintiff seeks prejudgment interest and post-judgment interest at the highest permissible rate.

228.    Plaintiff seeks all damages permitted by law.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual, compensatory, pecuniary, non-pecuniary, and punitive damages, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, for other appropriate equitable relief, for pre judgment and post judgment interest at the highest lawful rate, for the Court's ruling that Plaintiff is the prevailing party in this matter, for all relief permitted by law, and for such other relief as the Court deems just and proper.

### COUNT III
*Violation of RSMo. § 213.070*
*MHRA-Retaliation*

229.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

230.    Plaintiff engaged in protected activity under the MHRA by reporting the discrimination and harassment he was experiencing to Defendant and filing a Charge of Discrimination with the MCHR.

231.    Defendant took adverse actions against Plaintiff and engaged in further harassment of Plaintiff as a direct result of Plaintiff's protected activity.

232. Plaintiff engaging in protected activity actually played a role in the adverse actions and decisions described herein and had a determinative influence on the adverse decisions and actions of Defendant.

233. Defendant incorrectly applied their policies and procedures in regard to Plaintiff because of him engaging in protected activity.

234. Defendant deprived Plaintiff of equal educational opportunity and adversely affected his status as a student because of him engaging in protected activity.

235. All actions or inactions of or by Defendant occurred by Defendant itself or through its board, board members, agents, administrators, managers, faculty, and/or employees acting within the course and scope of their employment, as set forth herein.

236. Defendant's actions constitute unlawful retaliation against Plaintiff in violation of the MHRA.

237. As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff has suffered and will continue to suffer damages.

238. As a direct and proximate result of the unlawful conduct of Defendant, as set forth herein, Plaintiff has suffered compensatory, pecuniary and non-pecuniary damages which include: reputational harm, mental anguish, emotional distress, pain and suffering, mental distress, medical expenses, embarrassment, fear, isolation, loss of educational opportunity, degradation, humiliation, depression, anxiety, loss of enjoyment of life, and other nonpecuniary losses, all of a continuing and permanent nature.

239. The conduct of Defendant was outrageous and evidences an evil motive or reckless indifference for the rights of Plaintiff and the rights of others, entitling Plaintiff to an award of punitive damages.

240.    Plaintiff has incurred, and continues to incur, costs, expenses, expert witness fees, and attorneys' fees, and seeks the same from the Court.

241.    Plaintiff seeks the Court's ruling that Plaintiff is the prevailing party in this matter.

242.    Plaintiff seeks the Court's order granting equitable relief to require Defendant to comply with the MHRA and to make Plaintiff whole.

243.    Plaintiff seeks prejudgment interest and post-judgment interest at the highest permissible rate.

244.    Plaintiff seeks all damages permitted by law.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual, compensatory, pecuniary, non-pecuniary, and punitive damages, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, for other appropriate equitable relief, for pre judgment and post judgment interest at the highest lawful rate, for the Court's ruling that Plaintiff is the prevailing party in this matter, for all relief permitted by law, and for such other relief as the Court deems just and proper.

## COUNT IV
### *Violation of RSMo. § 213.065 and 213.070*
### *MHRA-Associational Discrimination*

245.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

246.    While attending school in Defendant's school district, Plaintiff was associated with individuals who were protected by the MHRA because of their sex, because of their race, and because they engaged in protected activity under the MHRA.

247.    Plaintiff assisted in making complaints on certain protected individuals' behalf's because they were being subjected to discrimination and harassment by Defendant.

248.    Defendant took adverse actions against Plaintiff and engaged in further harassment of Plaintiff as a direct result of Plaintiff's association with these protected individuals.

249.    Plaintiff's association with protected individuals actually played a role in the adverse actions and decisions described herein and had a determinative influence on the adverse decisions and actions of Defendant.

250.    Defendant incorrectly applied their policies and procedures in regard to Plaintiff because of his association with protected individuals.

251.    Defendant deprived Plaintiff of equal educational opportunity and adversely affected his status as a student because of his association with protected individuals.

252.    All actions or inactions of or by Defendant occurred by Defendant itself or through its board, board members, agents, administrators, managers, faculty, and/or employees acting within the course and scope of their employment, as set forth herein.

253.    Defendant's actions constitute unlawful associational discrimination against Plaintiff in violation of the MHRA.

254.    As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff has suffered and will continue to suffer damages.

255.    As a direct and proximate result of the unlawful conduct of Defendant, as set forth herein, Plaintiff has suffered compensatory, pecuniary and non-pecuniary damages which include: reputational harm, mental anguish, emotional distress, pain and suffering, mental distress, medical expenses, embarrassment, fear, isolation, loss of educational opportunity, degradation, humiliation, depression, anxiety, loss of enjoyment of life, and other nonpecuniary losses, all of a continuing and permanent nature.

256.    The conduct of Defendant was outrageous and evidences an evil motive or reckless indifference for the rights of Plaintiff and the rights of others, entitling Plaintiff to an award of punitive damages.

257.    Plaintiff has incurred, and continues to incur, costs, expenses, expert witness fees, and attorneys' fees, and seeks the same from the Court.

258.    Plaintiff seeks the Court's ruling that Plaintiff is the prevailing party in this matter.

259.    Plaintiff seeks the Court's order granting equitable relief to require Defendant to comply with the MHRA and to make Plaintiff whole.

260.    Plaintiff seeks prejudgment interest and post-judgment interest at the highest permissible rate.

261.    Plaintiff seeks all damages permitted by law.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual, compensatory, pecuniary, non-pecuniary, and punitive damages, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, for other appropriate equitable relief, for pre judgment and post judgment interest at the highest lawful rate, for the Court's ruling that Plaintiff is the prevailing party in this matter, for all relief permitted by law, and for such other relief as the Court deems just and proper.

## COUNT V
### Violation of RSMo. § 213.070
### MHRA-Aiding, Abetting, Inciting, Compelling, Coercing, Discrimination, Harassment and Retaliation

262.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

263.    Defendant aided, abetted, incited, compelled, and/or coerced students and teachers to engage in discrimination, harassment, and retaliation of Plaintiff because of sex and because of Plaintiff engaging in protected activity.

264.    Defendant did not punish or otherwise deter students or teachers from engaging in discrimination, harassment, and retaliation against Plaintiff, despite knowledge of said discrimination, harassment, and retaliation.

265.    Defendant encouraged discrimination and harassment based on sex in its schools by its students and teachers.

266.    Defendant assisted in concealing the discrimination, harassment, and retaliation conducted by its students and teachers.

267.    All actions or inactions of or by Defendant occurred by Defendant themselves or through their owners, agents, servants, managers, members, or employees acting within the course and scope of their employment, as set forth herein.

268.    As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff has suffered and will continue to suffer damages.

269.    As a direct and proximate result of the unlawful conduct of Defendant, as set forth herein, Plaintiff has suffered compensatory, pecuniary and non-pecuniary damages which include: reputational harm, mental anguish, emotional distress, pain and suffering, mental distress, medical expenses, embarrassment, fear, isolation, loss of educational opportunity, degradation, humiliation, depression, anxiety, loss of enjoyment of life, and other nonpecuniary losses, all of a continuing and permanent nature.

270.    The conduct of Defendant was outrageous and evidences an evil motive or reckless indifference for the rights of Plaintiff and the rights of others, entitling Plaintiff to an award of punitive damages.

271.    Plaintiff has incurred, and continues to incur, costs, expenses, expert witness fees, and attorneys' fees, and seeks the same from the Court.

272.    Plaintiff seeks the Court's ruling that Plaintiff is the prevailing party in this matter.

273.    Plaintiff seeks the Court's order granting equitable relief to require Defendant to comply with the MHRA and to make Plaintiff whole.

274.    Plaintiff seeks prejudgment interest and post-judgment interest at the highest permissible rate.

275.    Plaintiff seeks all damages permitted by law.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual, compensatory, pecuniary, non-pecuniary, and punitive damages, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, for other appropriate equitable relief, for pre judgment and post judgment interest at the highest lawful rate, for the Court's ruling that Plaintiff is the prevailing party in this matter, for all relief permitted by law, and for such other relief as the Court deems just and proper.

### COUNT VI
*Violation of 20 U.S.C. § 1681*
*Title IX-Discrimination and Harassment*

276.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

277.    Upon information and belief, Defendant is the recipient of Federal financial assistance.

278.    Defendant excluded Plaintiff from participation in some of its education programs and activities which receive Federal financial assistance.

279.    Defendant denied Plaintiff the benefits of some of its education programs and activities which receive Federal financial assistance.

280.    Defendant subjected Plaintiff to discrimination under some of its education programs and activities which receive Federal financial assistance.

281.    All actions or inactions of or by Defendant occurred by Defendant itself or through its board, board members, agents, administrators, managers, faculty, and/or employees acting within the course and scope of their employment, as set forth herein.

282.    As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff has suffered and will continue to suffer damages.

283.    Plaintiff has incurred, and continues to incur, costs, expenses, expert witness fees, and attorneys' fees, and seeks the same from the Court.

284.    Plaintiff seeks the Court's ruling that Plaintiff is the prevailing party in this matter.

285.    Plaintiff seeks the Court's order granting equitable relief to require Defendant to comply with Title IX and to make Plaintiff whole.

286.    Plaintiff seeks prejudgment interest and post-judgment interest at the highest permissible rate.

287.    Plaintiff seeks all damages permitted by law.

WHEREFORE, Plaintiff prays for judgment against Defendant, for actual damages, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, for other appropriate equitable relief, for prejudgment and post-judgment interest at the highest lawful rate, for the

Court's ruling that Plaintiff is the prevailing party in this matter, for all relief permitted by law, and for such other relief as the Court deems just and proper.

**COUNT VII**
***Violation of 20 U.S.C. § 1681***
***Title IX-Retaliation***

288.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

289.    Upon information and belief, Defendant is the recipient of Federal financial assistance.

290.    Plaintiff engaged in protected activity under the Title IX by reporting the discrimination and harassment he was experiencing to Defendant and filing a complaint with the Department of Education.

291.    Defendant took adverse actions against Plaintiff and engaged in further harassment of Plaintiff as a direct result of Plaintiff's protected activity.

292.    Plaintiff engaging in protected activity actually played a role in the adverse actions and decisions described herein and had a determinative influence on the adverse decisions, actions and inactions of Defendant.

293.    But for Plaintiff's engaging in protected conduct, Defendant's adverse decisions, actions, and inactions would not have occurred.

294.    Defendant incorrectly applied its policies and procedures in regard to Plaintiff because of her engaging in protected activity.

295.    Defendant deprived Plaintiff of equal educational opportunity and adversely affected her status as a student because of his engaging in protected activity.

296.    All actions or inactions of or by Defendant occurred by Defendant itself or through its board, board members, agents, administrators, managers, faculty, and/or employees acting within the course and scope of their employment, as set forth herein.

297.    Defendant's actions constitute unlawful retaliation against Plaintiff in violation of the MHRA.

298.    As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff has suffered and will continue to suffer damages.

299.    Plaintiff has incurred, and continues to incur, costs, expenses, expert witness fees, and attorneys' fees, and seeks the same from the Court.

300.    Plaintiff seeks the Court's ruling that Plaintiff is the prevailing party in this matter.

301.    Plaintiff seeks the Court's order granting equitable relief to require Defendant to comply with Title IX and to make Plaintiff whole.

302.    Plaintiff seeks prejudgment interest and post-judgment interest at the highest permissible rate.

303.    Plaintiff seeks all damages permitted by law.

WHEREFORE, Plaintiff prays for judgment against Defendant, for actual damages, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, for other appropriate equitable relief, for prejudgment and post-judgment interest at the highest lawful rate, for the Court's ruling that Plaintiff is the prevailing party in this matter, for all relief permitted by law, and for such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury, on all matters alleged in or arising from the issues in this Complaint for Damages.

Date: May 24, 2023                              Respectfully Submitted,

                                               By: /s/ *Katherine E. Myers*
                                               Katherine E. Myers,  #64896 (MO)
                                               Edelman, Liesen & Myers, L.L.P.
                                               208 W. Linwood Blvd.
                                               Kansas City, MO 64111
                                               Tel: (816) 533-4976
                                               Fax: (816) 463-8449
                                               kmyers@elmlawkc.com

                                               **ATTORNEY FOR PLAINTIFF**